No. 28,412.

G. H. Beeler, *Appellant*, v. The Emmett State Bank
et al., *Appellees.*

(271 Pac. 301.)

Opinion filed November 3, 1928.

*A. E. Crane, B. F. Messick, A. Harry Crane,* all of Topeka, and *W. J. Gregg,*
of Frankfort, for the appellant.

*W. E. Smith,* of Wamego, and *C. A. Leinbach,* of Onaga, for the appellees.

The opinion of the court was delivered by

Johnston, C. J.: This action was brought by G. H. Beeler
against the Emmett State Bank and the receiver of that bank to
have it adjudged that a certain fund in the hands of the receiver
was a trust fund to which plaintiff was entitled. Each of the de-
fendants filed a demurrer to plaintiff's petition, alleging that no
cause of action was stated in the petition. The court sustained the
demurrers and plaintiff appeals.

The following is a summary of the averments in the petition:
The Emmett State Bank was a corporation engaged in the banking
business, and on May 17, 1926, it became insolvent and a receiver
therefor was appointed. Prior to that time and on April 23, 1920,
several persons executed a note for $8,000 payable one year after
date at the Emmett State Bank, on which interest was paid from
time to time up to October 23, 1925. On January 23, 1926, the
bank commissioner finding the funds of the bank impaired made an
order requiring an assessment upon the stockholders of 100 per cent,
and requiring that the moneys paid in on the assessment should be
held a fund apart from all other moneys until the assessments had
been paid. On February 17, 1926, a meeting was held by the stock-
holders of the bank, at which a resolution was passed levying the
assessment as directed and providing that it should be paid on or

before April 19, 1926. The resolution recited that the proceeds of the above assessment were to be used first to pay the Beeler note of $8,000, and the balance used to charge off paper which had been listed as questionable or worthless. On this assessment, stockholders responded with payments amounting to more than $8,000, but the note in question was not paid. Plaintiff alleged that the money paid in on this assessment constituted a special deposit, and instead of paying the notes as it should have done, the funds so derived were mingled among the funds of the bank, increasing the assets of the bank in a sum more than $8,000, and it became and constituted a trust fund in favor of the plaintiff, and therefore plaintiff was entitled to a judgment holding that it was a trust fund, and that the receiver should be directed to pay plaintiff the amount due on his note.

Within the decisions recently made it must be held that the money derived from the assessment made cannot be regarded as a trust fund, which the plaintiff may follow and claim. The capital of the bank was found to be impaired, and the bank commissioner in compliance with the statute notified the bank to make the impairment good within the time specified. (R. S. 9-145.) In response to the notice, the stockholders adopted a resolution levying an assessment to make good the impairment and enable the bank to continue as a going concern. The assessment was a stock liability instead of a personal obligation. The stockholder had the option to pay the assessment or to suffer his stock to be sold as the statute provides. (*Citizens Bank v. Needham,* 120 Kan. 523, 244 Pac. 7.) The money paid in under the assessment became capital the same as the other capital of the bank, which was provided for the benefit of all depositors and creditors. When paid in as the law provides, no creditor had or could have a preferred right to any of it. It was decided in the late case of *Bernard v. Emmett State Bank,* 124 Kan. 233, 257 Pac. 949, that payment by a stockholder of an assessment made to meet impairment of the capital stock of the Emmett State Bank under the same resolution as is pleaded by plaintiff, "was not a special deposit or trust fund—it just went to the bank to take up bad paper." (p. 236. See, also, *Mulligan v. Emmett State Bank,* 124 Kan. 699, 261 Pac. 567.)

Following these decisions it must be held that the demurrer of the defendants was properly sustained.

The judgment is affirmed.